UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES URIBE, *et al.*, | ) | Civil No. 08cv1982 L(NLS) |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS FIRST AMENDED** |
| v. | ) | **COMPLAINT [doc. #21] and TO** |
| | ) | **EXPUNGE LIS PENDENS [doc. #24];** |
| COUNTRYWIDE FINANCIAL, *et al.*, | ) | **DIRECTING ENTRY OF** |
| | ) | **JUDGMENT** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Bank of America, N.A., Mortgage Electronic Registration Systems, Inc. and Deutsche Bank-Harborview 04-11 (collectively "defendants") filed a motion to dismiss the first amended complaint ("FAC") and a motion to expunge lis pendens or alternatively to require plaintiffs to post a bond.  The motions have been fully brief and are considered without oral argument under Civil Local Rule 7.1(d)(1).

**Background**

This action was removed from the California Superior Court, County of San Diego on October 27, 2008.  Thereafter, defendants moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6).  Under the Civil Local Rules, plaintiffs were required to respond to defendants motion by a certain date but plaintiffs neither filed a response nor sought additional time in which to file a response to defendants' motion.  In its Order granting defendants' motion

1   to dismiss, the Court noted that "[w]hen an opposing party does not file papers in the manner

2   required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to

3   the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c).

4   Notwithstanding plaintiffs' failure to file an opposition, the Court reviewed the motion on the

5   merits to determine whether any legal issue existed that would preclude the granting of

6   defendants' motion to dismiss.

7        The Court dismissed plaintiffs' claims as follows: the RICO and fraud causes of action

8   were dismissed without prejudice for failure to meet Rule 9(b)'s particularity requirement; the

9   TILA and RESPA claims were barred by the applicable statutes of limitation; the negligent

10  infliction of emotional distress claim was dismissed with prejudice  because plaintiffs did not

11  and could not allege an independent duty imposed by law, assumed by defendants, or created by

12  a special relationship between the parties that proximately caused plaintiffs' emotional distress;

13  the quiet title claim was dismissed without prejudice because plaintiffs did not allege tender or

14  offer of tender of the amounts admittedly borrowed;  slander of title claim was dismissed with

15  prejudice because defendants' conduct was privileged; the cancellation of plaintiffs' trust deeds

16  and notes claims were dismissed with prejudice because the property had been foreclosed.

17       Notwithstanding plaintiffs' failure to respond to the motion to dismiss or to request leave

18  to amend, the Court permitted the filing of a FAC.

19       Plaintiffs filed a massive 318-page, 62-count FAC.[1]   The FAC alleged claims under

20  RICO, 18 U.S.C. §§ 1961, 1962(a), (b), (c), (d), 1964(a), (b) and (c); the "Ku Klux Klan Act of

21  1871", 42 U.S.C. § 1981 *et seq.*; the Equal Credit Opportunity Act of 1974 ("ECOA"), 15 U.S.C.

22  § 1691; the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § §3601; Declaratory Judgment Act

23  of 1940, 28 U.S.C. §§ 2201-2202; common-law fraud; constructive fraud; promissory fraud; and

24  conspiracy to commit fraud; breach of fiduciary duty; breach of implied covenant of good faith

25

26       [1]      The Court notes that attorney Dean Browning Webb signed both the FAC and the
     opposition to defendants' motion to dismiss the FAC.  Mr. Webb provided a pro hac vice
27   application that the Court denied on February 18, 2009. [doc. #12]  Accordingly, Mr. Webb is
     not and has not been permitted to appear and participate in this case.  Because this action is
28   being dismissed with prejudice, the Court will not order Mr. Webb to show cause why sanctions
     should not be imposed.

1  and fair dealing; negligence; Consumer Legal Remedies Act ("CLRA"); and California Business
2  & Professions Codes 17200 and 17500.

3      Defendants move for dismissal of the FAC under Federal Rule of Civil Procedure
4  12(b)(6).

5                              **MOTION TO DISMISS THE FAC**

6  **1.      Legal Standard**

7      **a.      Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

8      "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California*
9  *Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). A motion to dismiss under Rule
10 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black,* 250 F.3d 729, 732 (9th Cir.
11 2001). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts
12 to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products*
13 *Co.*, 523 F.3d 934, 938 (9th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombley,* 127 S. Ct.
14 1955, 1974 (2007)). "'Factual allegations must be enough to raise a right to relief above the
15 speculative level.'" *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
16 not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
17 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
18 the elements of a cause of action will not do." *Twombley,* 127 S. Ct. at 1964-1965. Dismissal of
19 a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff
20 can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*
21 *Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the
22 complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal
23 theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds,*
24 *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

25     In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of
26 all factual allegations and must construe all inferences from them in the light most favorable to
27 the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). But legal
28 conclusions need not be taken as true merely because they are cast in the form of factual

1   allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).  Finally, in determining

2   the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for

3   additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's

4   motion to dismiss or other submissions.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

5   2003);  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S

6   FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into

7   account additional facts asserted in a memorandum opposing the motion to dismiss, because

8   such memoranda do not constitute pleadings under Rule 7(a).").  But in addition to the facts

9   alleged in the complaint, the Court may consider documents attached to the complaint,

10  documents relied upon but not attached to the complaint when authenticity is not contested, and

11  matters of which the court takes judicial notice.  *Parrino*, 146 F.3d at 705-706.

### b.        Federal Rule of Civil Procedure 8

12
13          When plaintiffs were given leave to file an amended complaint that corrected the

14  deficiencies the Court had previously discussed, they filed a behemoth pleading that fails to

15  comply with Rule 8.   Rule 8 sets forth general rules of notice pleading in the Federal Courts.

16  *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).  Complaints are required to set forth (1) the

17  grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

18  showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires

19  "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever*

20  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  When a plaintiff's allegations are too vague and

21  broad-sweeping to put defendants fairly on notice of the claims against them, the notice

22  requirement of Rule 8 is not satisfied.  See *Conley*, 355 U.S. at 47.

23          Even if the factual elements of the cause of action are present, but are scattered

24  throughout the complaint and are not organized into a "short and plain statement of the claim,"

25  dismissal for failure to satisfy Rule 8(a)(2) is proper.  *McHenry v. Renne*, 84 F.3d 1172, 1178

26  (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and

27  on what theory, with enough detail to guide discovery" (emphasis added)).  A complaint that

28  fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Federal

1    Rule of Civil Procedure 41(b).  *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th

2    Cir.1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not

3    depend on whether the complaint is wholly without merit," *McHenry* 84 F.3d at 1179.

4         Plaintiffs' FAC does not comply with Rule 8(a) as it fails to give each defendant a short

5    and plain statement as to plaintiffs' claims and factual basis against each defendant.  Indeed, the

6    FAC, which was prepared and filed by counsel, is prolix, replete with redundancy and most

7    importantly, fails to perform the essential functions of a complaint.  *McHenry*, 84 F.3d at

8    1179-80.  As filed, the FAC imposes unfair burdens on defendants and the Court.  Defendants

9    have a right to be free from costly and harassing litigation.  *Von Poppenheim v. Portland Boxing*

10   *& Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971).  Plaintiffs' failure to comply with

11   Rule 8 has impeded the expeditious resolution of the present litigation, has burdened the court's

12   docket and consumed scarce judicial resources in addressing litigation that has little basis for

13   success.

14        Plaintiffs had an opportunity to respond to defendants' initial motion to dismiss but failed

15   to do so[2] which imposed a burden on the Court to review the complaint and defendants' motion

16   on the merits without plaintiffs' input.  When given the opportunity to file an amended

17   complaint that addressed the deficiencies found in the original complaint, plaintiffs again

18   burdened the Court with a pleading that is onerous at best.  The filing of the FAC that remains

19   deficient, as discussed below, and is grossly excessive in size appears to have been made in bad

20   faith and with the intent to unduly delay the litigation and to harass defendants.

21        Based on the foregoing, the Court will dismiss plaintiffs' FAC with prejudice for failure

22

23        [2]    Plaintiffs' counsel has developed a habit of not responding to motions to dismiss in
     cases that he files that are similar to the present case.  *See*, *Bartolome v. Downey Savings &*
24   *Loan*, 08cv1777 LAB(WMC); *Uribe v. MorgageIT*, 08cv1983 L (NLS); *Ajero v. Aegis*
     *Wholesale Corp.*, 08cv2002 W (JMA); *Bantog v. Downey Savings & Loan*, 08cv2212 MMA
25   (POR); *Cataulin v. Washington Mutual Bank*, 08cv2419 JM (NLS); *Silva v. US Bank*, 09cv36
     JAH (BLM); *Rosales v. Downey Savings & Loan*, 09cv39 WQH (AJB); *Hernandez v. Downey*
26   *Savings & Loan*, 09cv40 JAH (JMA); *Floyd v. Millennium Mortgage Corp.*, 09cv115 BEN
     (NLS); *Locsin v. Quick Loan Funding*, 09cv153 L (RBB); *Andrade v. Wachovia Mortgage*,
27   09cv377 JM (WMC).  In each of these 11 cases, the court was put to the task of reviewing the
     complaint and a motion to dismiss without an opposition from plaintiff.  Counsel, as an officer
28   of the court, is admonished that he has an obligation to the court to avoid frivolous filings and to
     follow the Federal Rules of Civil Procedure, particularly Rule 11, and the Civil Local Rules.

1  to comply with Federal Rule of Civil Procedure 8.

2      **2.    Discussion**

3      Notwithstanding dismissal of the FAC under Rule 8, the Court will consider defendants'

4  motion to dismiss on the merits.

5          **a.    Fraud**

6      As discussed in the Court's Order dismissing plaintiffs' initial complaint, Federal Rule of

7  Civil Procedure 9(b) requires that fraud, whether based on federal or state law, be alleged with

8  particularity.  To comply with rule 9(b), "the circumstances constituting fraud . . . shall be stated

9  with particularity."  "A pleading is sufficient under rule 9(b) if it identifies the circumstances

10  constituting fraud so that a defendant can prepare an adequate answer from the allegations."

11  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is

12  sufficient to plead items such as the time, place and nature of the alleged fraudulent activities.

13  *Id*.

14      Generally, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or

15  acts to individual defendants.  *Id*.   However, in this case, no individual defendants are named.

16      [T]he rule may be relaxed as to matters within the opposing party's knowledge.
       For example, in cases of corporate fraud, plaintiffs will not have personal

17      knowledge of all the underlying facts.  . . . Instances of corporate fraud may also
       make it difficult to attribute particular fraudulent conduct to each defendant as an

18      individual.  To overcome such difficulties in cases of corporate fraud, the
       allegations should include the misrepresentations themselves with particularity

19      and, where possible, the roles of the individual defendants in the
       misrepresentations.

20

21  *Id*.

22      Just as the fraud claims in the original complaint failed to comply with Rule 9(b), the

23  FAC is also deficient in alleging fraud with particularity.   Plaintiffs again do not identify the

24  individuals making the allegedly false statements or make disclosures by alleging, where

25  possible, the role of the individuals in the misrepresentations or non-disclosures.  Further, there

26  are no allegation of time, place and nature of the alleged fraudulent activities.  The fraud claims

27  will be dismissed.

28  / /

08cv1982

b.     **RICO**

The essential elements of a civil RICO violation under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir.2004).  "'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes listed in 18 U.S.C. § 1961(5), including 18 U.S.C. § 1341, which makes mail fraud a criminal offense, and 18 U.S.C. § 1343, which makes wire fraud a crime." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986)).  A "pattern of racketeering activity" means at least two acts of racketeering activity.  Thus, in order to state a RICO cause of action, plaintiffs are required to allege, at a minimum, that defendants participated in two predicate offenses of racketeering listed in 18 U.S.C. § 1961(1)(B).

Defendants contend that plaintiffs have not alleged a pattern of racketeering activity or any conduct constituting racketeering activity, *i.e.*, criminal acts found in 18 U.S.C. § 1961(1)(B) that would serve as predicate offenses.  In so arguing, defendants point to the FAC at ¶¶ 70-72 in which plaintiffs "allege that defendants engaged in the above activities and/or conduct that constitutes the following form of 'racketeering activity,' as that term is defined pursuant to Title 18 United States Code § 1961(1)."  (FAC ¶ 72.)   The "above activities and/or conduct" noted in paragraph 72 apparently are intended to function as predicate offenses. Plaintiffs' purported two predicate offenses are: (1) that defendants misrepresented the availability of mortgage payment relief and plaintiffs "were deprived and/or denied obtaining mortgage payment relief" by defendants  (FAC ¶70) and (2) after the mortgage was defaulted upon, the defendants transferred the mortgages "to a corporate affiliate for sale, without prior written notification served upon" the borrowers.  (FAC ¶ 71.)

Plaintiffs' first predicate offense appears to allege common-law fraud.  When a RICO claim is based on the predicate offense of fraud, the "circumstances constituting fraud . . . shall be stated with particularity."  FED. R. CIV. P. 9(b).  As discussed above, for acts of fraud, "the pleader must state the time, place, and specific content of the false representations as well as the

1    identities of the parties to the misrepresentation." *Alan Neuman Prods., Inc. v. Albright*, 862

2    F.2d 1388, 1392-93 (9th Cir. 1989) (quoting *Schreiber Distrib. Co.*, 806 F.2d at 1401).  The

3    particularity requirement is satisfied if the complaint "identifies the circumstances constituting

4    fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v.*

5    *Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir.1989); *see also Vess v. Ciba-Geigy*

6    *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Rule 9(b) demands that, when averments of

7    fraud are made, the circumstances constituting the alleged fraud be specific enough to give

8    defendants notice of the particular misconduct . . . so that they can defend against the charge and

9    not just deny that they have done anything wrong.") (internal quotation marks and citations

10   omitted).  Here, plaintiffs have not alleged fraud sufficiently to constitute a predicate offense

11   under RICO.

12        The second purported predicate offense, that defendants transferred the mortgages

13   without notice to plaintiffs, is not a criminal act and is not listed in 18 U.S.C. § 1961(1).  As a

14   result, it cannot function as a predicate offense under RICO.

15        Accordingly, plaintiffs have not alleged two predicate offenses as required under the

16   RICO statute.  Plaintiffs may have intended, however, to allege wire and mail fraud as predicate

17   offenses.  Defendants contend that plaintiffs have failed to allege sufficient predicate acts of wire

18   and mail fraud to establish a pattern and that the allegations are "legally insufficient" within the

19   meaning of Rule 9(b).  To allege a violation of mail fraud under section 1341, "it is necessary to

20   show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the

21   United States mails or caused a use of the United States mails in furtherance of the scheme; and

22   (3) the defendants did so with the specific intent to deceive or defraud." *Miller*, 358 F.3d at 620

23   (citing *Schreiber Distrib. Co.*, 806 F.2d at 1400).  To be considered part of the fraud, the use of

24   the mails need not be an essential element of the scheme.  *Schmuck v. United States*, 489 U.S.

25   705, 710 (1989).  "It is sufficient for the mailing to be 'incident to an essential part of the

26   scheme' or 'a step in [the] plot.'" *Id.* (citing *Badders v. United States*, 240 U.S. 391, 394

27   (1916)). "Similarly, a wire fraud violation consists of (1) the formation of a scheme or artifice to

28   defraud (2) the use of the United States wires or causing a use of the United States wires in

1    furtherance of the scheme; and (3) specific intent to deceive or defraud." *Schreiber Distrib. Co.*,

2    806 F.2d at 1400.  To establish specific intent for either mail or wire fraud, the pleader must

3    show "the existence of a scheme which was 'reasonably calculated to deceive persons of

4    ordinary prudence and comprehension ....' " *Id.* (citations omitted).

5         Here, the FAC fails to properly  allege a claim for violation of RICO based on the

6    predicate offenses of mail and wire fraud.  The allegations of predicate acts in the FAC

7    concerning those elements of RICO are entirely general with no specifics concerning the time,

8    place, or nature of the alleged communications.  This is a fatal defect under Federal Rule of Civil

9    Procedure 9(b), which requires that circumstances constituting fraud be stated with particularity.

10        Because plaintiffs had two opportunities to allege a RICO claim or claims and did not

11   properly allege fraud, mail fraud or wire fraud as predicate offenses – a foundational element for

12   any RICO claim – all of the RICO claims found in the FAC are dismissed with prejudice.

13              **c.     ECOA, FHA and  § 1981**

14        Defendants contend that plaintiffs' ECOA, FHA and § 1981 claims are time barred.  The

15   Court concurs.  Plaintiffs' first loan was consummated on October 4, 2004 and the second loan

16   on June 20, 2006.  (FAC ¶¶ 21, 23, 48.)  This action was filed on September 9, 2008.

17        A claim brought under § 1981 must be brought within one-year of the alleged

18   discrimination.  A two-year limitations period under ECOA begins to run on the date of the

19   occurrence of the allegedly intentional discriminatory violation.  The FHA has a two year statute

20   of limitations, beginning at the occurrence or termination of an alleged discriminatory housing

21   practice.  *See* 42 U.S.C. § 3613(a)(1)(A).  Plaintiffs' claims were filed beyond the applicable

22   statutes of limitations and therefore, are subject to dismissal.  In their opposition, plaintiffs

23   contend that the claims are not time-barred because plaintiffs sought mortgage modification

24   relief in 2008 and were refused.  The FAC unmistakably is directed to the 2004 and 2006

25   mortgage loans and not to any loan modifications that plaintiffs suggest they sought.

26        Additionally, plaintiffs have not alleged that they are members of a protected class – an

27   essential element of each of these claims.  As a result of this omission, these claims are also

28   subject to dismissal.

1    Based on the running of the limitations periods, plaintiff's ECOA, FHA and § 1981

2    claims are dismissed with prejudice.

3              **d.    California Statutory and Common Law Claims**

4    Defendants assert a variety of reasons why plaintiffs' state statutory and common law

5    claims must be dismissed.   Rather than address defendants' arguments, plaintiffs state that their

6    causes of action for "[n]egligence, restitution, fraud, unjust enrichment, and remaining common

7    law claims, are sufficiently pleaded." (Opp. at 41.)   Plaintiffs chose not to address defendants'

8    detailed contentions concerning the appropriateness of dismissal of these claims and as a result,

9    plaintiffs have waived any opposition they may have to those arguments. *See, e.g., City of*

10   *Arcadia v. E.P.A.*, 265 F. Supp.2d 1142. 1154. n. 16 (N.D. Cal. 2003).   Accordingly, the

11   California statutory and common law claims plaintiffs have asserted in the FAC are dismissed.

12         **3.    Leave to Amend**

13   The Court's discretion to deny leave to amend is particularly broad where plaintiff has

14   previously been permitted to amend his complaint. *See Sisseton-Wahpeton Sioux Tribe v. United*

15   *States*, 90 F.3d 351, 355 (9th Cir. 1996).   Failure to cure deficiencies by previous amendment is

16   one of the factors to be considered in deciding whether justice requires granting leave to amend.

17   *Moore*, 885 F.2d at 538.   A bad faith motive and undue prejudice to the opposing party by virtue

18   of allowance of the amendment, and futility of amendment are other factors to consider.

19   *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1991).

20   Plaintiffs, who are represented by counsel, have made two efforts to provide a feasible

21   complaint.  Rather than file a FAC that met appropriate pleading standards, plaintiffs' counsel

22   filed a pleading gargantuan in size but severely lacking in basic facts and allegations.  Because

23   counsel has been unable to properly allege viable causes of action in two attempts, the Court has

24   no reason to believe plaintiffs would be able to correct the many remaining deficiencies in a

25   second amended complaint.  Therefore, the Court, in its discretion, will not grant plaintiffs

26   further leave to amend and will dismiss the FAC with prejudice.

27   / / /

28   / / /

08cv1982

**Motion to Expunge Lis Pendens**

Defendants also move for expungement of the lis pendens pursuant to Cal. Civ.Code §§ 405.31 and 405.32 that plaintiffs recorded.   A lis pendens effectively prevents a sale or encumbrance of the property until litigation is resolved or the lis pendens is expunged. *See Kirkeby v. Superior Court*, 33 Cal. 4th 642. 651 (2004).  In other words, a lis pendens prevents the resale of the property to recoup any of the losses caused by plaintiffs' default.

A court "shall order the notice [of pendency] expunged if . . . the pleading on which the notice is based does not contain a real property claim." CAL. CIV. CODE § 405.31. A "real property claim" is defined, *inter alia*, as a cause of action "which would, if meritorious, affect . . . title to, or the right to possession of, specific real property...." CAL. CIV. CODE § 405.4. Plaintiff bears the burden of establishing by a preponderance of the evidence, the probable validity of the claims.

Because plaintiffs have alleged no "real property claim" or any viable claim, defendants' motion to expunge lis pendens will be granted.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendants' motion to dismiss the FAC is **GRANTED WITH PREJUDICE**;

2.      Defendants' motion to expunge lis pendens is **GRANTED**;

3.      The Clerk of the Court is directed to enter judgment in defendants' favor and against plaintiffs.

**IT IS SO ORDERED.**

DATED:  July 7, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

11

08cv1982

1     `
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28